IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2209-FL

| | |
|---|---|
| DAVID MORGENSTERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on the motion to dismiss (DE 6), pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] of respondent Warden Justin Andrews ("respondent"). The issues raised were fully briefed, and the matter is ripe for adjudication. For the following reasons, the court denies respondent's motion.

**STATEMENT OF THE CASE**

Petitioner, in the United States District Court for the Southern District of Florida, pleaded guilty to money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and using a facility in interstate and foreign commerce with intent to distribute the proceeds of an unlawful activity in violation of 18 U.S.C. § 1952. United States v. Morgenstern, Nos. 0:00-cr-6309-PAS; 02-60100 (S.D. Fl. Apr. 18, 2003). Petitioner subsequently was sentenced to consecutive terms of one hundred twenty (120) and sixty (60) months imprisonment. Id.

---

[1] Respondent does not state the Federal Rule of Civil Procedure governing his motion to dismiss. Accordingly, the court assumes that respondent moves to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Following his conviction, petitioner filed a direct appeal to the Eleventh Circuit Court of Appeals. United States v. Morgenstern, 99 F. App'x 886 (4th Cir. Mar. 9, 2004). On March 9, 2004, the court of appeals affirmed petitioner's conviction and sentence. Id. On June 15, 2005, petitioner filed, in the sentencing court, a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which was denied on October 7, 2005. United States v. Morgenstern, Nos. 0:00-cr-6309-PAS; 02-60100 (S.D. Fl. Oct. 7, 2005).

On August 28, 2012, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that his money laundering conviction should be vacated pursuant to the United States Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008). On December 27, 2012, respondent filed a motion to dismiss arguing that petitioner's § 2241 petition should be dismissed because petitioner cannot establish that relief under 28 U.S.C. § 2255 is ineffective or inadequate. The matter was fully briefed.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

2

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.   Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.

3

Respondent argues that petitioner is not able to satisfy the second prong of the Jones test because petitioner has not yet filed a § 2255 petition in the sentencing court. The record, however, reflects that petitioner did in fact file a § 2255 petition, which was denied by the sentencing court on October 7, 2005. Respondent raised no further grounds for dismissal. Accordingly, respondent's motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 6) is DENIED. The parties have twenty-one (21) days from the date of this order to file a motion for summary judgment.

SO ORDERED, this the 17th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge