IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2209-FL

| | |
|---|---|
| DAVID MORGENSTERN, )<br> )<br>          Petitioner, )<br> )<br>   v. )<br> )<br>WARDEN JUSTIN ANDREWS, )<br> )<br>          Respondent. )<br> ) | ORDER |

This matter is before the court on petitioner's unopposed motion to appoint counsel (DE 12) and motion for summary judgment (DE 13). Also before the court is the second motion to dismiss (DE 20), pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] of respondent Warden Justin Andrews ("respondent"), to which petitioner responded. The issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion, denies petitioner's motion to appoint counsel, and denies as moot petitioner's motion for summary judgment.

**STATEMENT OF THE CASE**

For ease of reference, a pertinent portion of the statement of the case set forth in the court's July 17, 2013, order, is restated here:

> Petitioner, in the United States District Court for the District of Florida, pleaded guilty to money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and using a facility in interstate and foreign

---

[1] Respondent does not state the Federal Rule of Civil Procedure governing her motion to dismiss. Accordingly, the court assumes that respondent moves to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

commerce with intent to distribute the proceeds of an unlawful activity in violation of 18 U.S.C. § 1952. United States v. Morgenstern, Nos. 0:00-cr-6309-PAS; 02-60100 (S.D. Fl. Apr. 18, 2003). Petitioner subsequently was sentenced to consecutive terms of one hundred twenty (120) and sixty (60) months imprisonment. Id.

Following his conviction, petitioner filed a direct appeal to the Eleventh Circuit Court of Appeals. United States v. Morgenstern, 99 F. App'x 886 (4th Cir. Mar. 9, 2004). On March 9, 2004, the court of appeals affirmed petitioner's conviction and sentence. Id. On June 15, 2005, petitioner filed, in the sentencing court, a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which was denied on October 7, 2005. United States v. Morgenstern, No. 0:00-cr-6309-PAS-4 (S.D. Fl. Oct. 7, 2005).

On August 28, 2012, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that his money laundering conviction should be vacated pursuant to the United States Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008). On December 27, 2012, respondent filed a motion to dismiss arguing that petitioner's § 2241 petition should be dismissed because petitioner cannot establish that relief under 28 U.S.C. § 2255 is ineffective or inadequate [because petitioner had not previously filed a § 2255 petition addressing his Santos claim.]. The matter was fully briefed.

On July 17, 2013, the court entered an order denying respondent's motion to dismiss, finding that petitioner had in fact previously filed a § 2255 petition with the sentencing court. Respondent then filed a motion for this court to reconsider its denial of respondent's motion to dismiss on grounds that petitioner did not present his Santos claim in his prior § 2255 petition. On September 3, 2013, the court denied petitioner's motion for reconsideration, finding no authority interpreting § 2255 in the manner proposed by respondent.

Petitioner subsequently filed both a motion for appointment of counsel and motion for summary judgment. On September 24, 2013, respondent filed a second motion to dismiss, to which petitioner responded.

**DISCUSSION**

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2. Analysis

Respondent argues that petitioner may not proceed with his action pursuant to § 2241 because he is unable to satisfy § 2255's savings clause provision. Under § 2255's savings clause, a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of incarceration when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194. A petitioner bears the burden to show that § 2255 is inadequate or ineffective. Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

In analyzing petitioner's claim pursuant to the Jones test, the court must apply the substantive law of the Eleventh Circuit because petitioner was convicted and sentenced in the United States District Court for the Southern District of Florida, which is located within the Eleventh Circuit. See Chaney v. O'Brien, No. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that in applying the second prong of the Jones test "the substantive law relevant to

a § 2241 petition is that of the circuit in which the petitioner was convicted.") (citing In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998), aff'd, 241 F. App'x 977 (4th Cir. Sept. 18, 2007); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. June 20, 2011). Thus, the court finds that the Eleventh Circuit's substantive law governs the "savings clause" analysis in this action.

Having determined that the Eleventh Circuit's substantive law applies in this case, the court must now determine whether petitioner has satisfied the Jones test. At issue is the second prong of the Jones test--whether subsequent to the direct appeal of petitioner's conviction and first § 2255 petition, the substantive law of the Supreme Court or Eleventh Circuit changed such that the conduct for which petitioner was convicted no longer is criminal.

As stated, petitioner argues that he is actually innocent of the charge of money laundering pursuant to the Supreme Court's ruling in Santos. In Santos, the Court addressed the meaning of "proceeds" in the federal money laundering statute. Santos, 553 U.S. at 509. In United States v. Demarest, 570 F.3d 1232 (11th Cir. 2009), the Eleventh Circuit determined that Santos, had "limited precedential value," because three parts of the four-part opinion were issued by a plurality of Supreme Court justices. Id. at 1242. The Demarest court thus concluded that because "no single rational explaining the result enjoy[ed] the assent of five Justices," the Santos, holding "may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." Id. The court further held that "[t]he narrow holding in Santos, at most, was that the gross receipts of an unlicenced gambling operation were not 'proceeds' under section 1956." Id. Based upon this analysis, the Demarest court concluded that Santos did not apply in that action because there was "no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation." Id. Rather, the laundered funds in Demarest were the proceeds of an enterprise engaged in illegal drug trafficking. Id.

In the case at hand, the offense conduct to which petitioner plead guilty was "an investment fraud scheme" in South Carolina involving the solicitation of investments from victims based upon a promise that their investments were guaranteed by bond with an extremely high rate of return. Mem. in Supp. of Pet. p. 3. The offense conduct also included petitioner's international travel for purposes of managing the funds derived from the money laundering. Id. p. 5. Petitioner was not convicted of an illegal gambling charge. For these reasons, the court finds that Santos does not apply to petitioner's money laundering conviction under Eleventh Circuit law. See United States v. Sarcona, 457 F. App'x 806, at *8 (5th Cir. Jan. 6, 2012) ("In non-gambling contexts, we remain bound by a definition of proceeds that includes receipts as well as profits.") (internal quotation omitted); King v. Keller, 372 F. App'x 70, 73 (11th Cir. Apr. 7, 2010) (holding that Santos did not apply to defendant's money laundering convictions involving a cash rental ponzi scheme or treasury bill leasing program); see also, Arnaiz v. Haynes, No. CV12-021, 2012 WL 4739910 (S.D. Ga. Oct. 3, 2012), adopting Mag. M&R, 2012 WL 4753391, at *3 (S.D. Ga. July 5, 2012) (finding that Santos did not apply to money laundering conviction involving medicare fraud.)

Based upon the foregoing, this court finds that petitioner is unable to meet the second prong of the Jones test because the substantive law has not changed so that his conduct no longer is criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," and he may not proceed with his claim pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 20) is GRANTED. Petitioner's motion to appoint counsel (DE 12) is DENIED and his motion for summary judgment (DE 13) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge